IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK MICHAEL FALCEY, JR., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 2:24-cv-02770-JLS |
| | : | |
| PRIME CARE MEDICAL, INC., *et al.*, | : | |
|     Defendants. | : | |

MEMORANDUM

SCHMEHL, J. */s/ JLS*                                                                                                         SEPTEMBER 29, 2025

       Patrick Michael Falcey, Jr., asserts claims under 42 U.S.C. § 1983 against PrimeCare Medical, Inc. and some of its medical personnel, alleging that they failed to respond to calls to assist Falcey while he suffered from seizures and convulsions. Before the Court is the Motion to Dismiss filed by PrimeCare Medical and its Health Services Administrator, Christopher Norfleet, and Falcey's Response in opposition to the Motion. For the reasons that follow, the Motion will be granted as to claims against PrimeCare but denied as to claims against Norfleet.

I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

       Falcey claims that he had a medical emergency on June 26, 2022 when housed at the Bucks County Correctional Facility. (Am. Compl. at 4, 5.) On that date, Defendants Norfleet, Jane Doe, Jane Doe, and John/Jane Doe—all employed by Defendant PrimeCare Medical, the prison's medical contractor—were on duty at the time.[2] (*Id*. at 5.) At approximately 5:00 a.m.,

---

[1] The factual allegations are taken from the Amended Complaint (ECF No. 11). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

[2] In Falcey's Response to Defendants' Motion to Dismiss, he identified two of the Doe Defendants as Katie Harvey, CRNP and Christopher Diaz, PA-C. (ECF No. 31 at 1, 3.) Because these Defendants have not yet been served, the Court will file a separate order directing that

Falcey began to have "seizures and convulsions," which lasted for several hours. (*Id*. at 5, 6.) He told corrections officers Hardiman and Bombay that he was having seizures. (*Id*. at 6.) The officers replied that they called for medical assistance and that the staff should respond soon. (*Id*.) At approximately 9:00 a.m., while he was still suffering from seizures, Falcey was told to move to a different cell. (*Id*.) Hardiman continued to call for medical assistance, but none arrived. (*Id*.) Falcey "finally became unresponsive." (*Id*.) At approximately 6:00 p.m., Falcey "limped/hobbled off of the unit" to speak with Sergeant O'Donnell, who then walked him to the medical area of the prison. (*Id*.) Based on these allegations, Falcey asserts Eighth Amendment claims against Defendants.

The Court previously granted Falcey leave to proceed *in forma pauperis* and dismissed his initial Complaint in part with prejudice and in part without prejudice to him filing an amended complaint.[3] *Falcey v. Bucks Cnty*, No. 24-2770, 2024 WL 4205586, at *6 (E.D. Pa. Sept. 16, 2024). The Court concluded that Falcey failed to state a plausible Eighth Amendment deliberate indifference claim against various medically trained individuals named in his Complaint, including Norfleet, because he failed to allege how any of them were specifically involved in the denial of medical care. *Id*. at *4. The Court also concluded that Falcey failed to state a plausible claim against PrimeCare because he did not allege any facts tying his allegations of deliberate indifference to a PrimeCare policy or custom. (*Id*.) After Falcey returned with an

---

Falcey provide USM-285 forms for these Defendants so that they can be served by the United States Marshal Service.

[3] In addition to PrimeCare, Norfleet, and a John Doe Defendant, Falcey named other Defendants in his Complaint whom he did not rename in his Amended Complaint. *See Falcey*, 2024 WL 4205586, at *1.

Amended Complaint (ECF No. 11), the Court directed that the Amended Complaint be served on PrimeCare and Norfleet. (ECF No. 12.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. "A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555.) "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp*., 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). It is the defendants' burden to show that a complaint fails to state a claim. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (explaining that on a Rule 12(b)(6) motion to dismiss, the "defendant bears the burden of showing that no claim has been presented").

In resolving a Rule 12(b)(6) motion, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223,

230 (3d Cir. 2010). To determine whether a complaint filed by a *pro se* litigant states a claim, a court must accept the facts alleged as true, draw all reasonable inferences in favor of the plaintiff, and "ask only whether that complaint, liberally construed contains facts sufficient to state a plausible . . . claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); *see also Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (*pro se* filings are construed liberally).

### III. DISCUSSION

Falcey asserts Eighth Amendment claims under § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

#### A. Exhaustion

Defendants argue that Falcey failed to allege in his Amended Complaint that he fully exhausted his administrative remedies. (ECF No. 19-1 at 13.) The PLRA "mandates that prisoners exhaust internal prison grievance procedures before filing suit." *Small v. Camden Cnty.*, 728 F.3d 265, 268 (3d Cir. 2013); *see* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

4

remedies as are available are exhausted."). "Exhaustion is . . . a non-jurisdictional prerequisite to an inmate bringing suit and, for that reason, . . . it constitutes a threshold issue that *courts* must address to determine whether litigation is being conducted in the right forum at the right time." *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018) (emphasis in original; internal quotations omitted). Claims that are not properly exhausted under the PLRA are procedurally defaulted. *See Woodford v. Ngo*, 548 U.S. 81, 92-23 (2006); *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004).

Falcey states in his Amended Complaint that he filed grievances with the Bucks County Correctional Facility, that his "administrative remedy [was] fully exhausted," and that the "grievance process was complete." (Am. Compl. at. 12.) In his Response to Defendants' Motion to Dismiss, Falcey attaches his grievances and documents associated with a grievance appeal. (*See* ECF No. 31 at 9-14.) "[W]here a defendant moves to dismiss based on a failure-to-exhaust defense and the exhaustion issue turns on indisputably authentic documents related to the inmate's grievances, [a court] may consider those documents without converting a motion to dismiss to a motion for summary judgment." *Rinaldi*, 904 F.3d at 261 n.1 (internal quotations and alterations omitted). Defendants did not file a reply addressing the exhaustion requirement further. Nor do they allege that Falcey did not follow proper procedures to exhaust his administrative remedies. They argue only that Falcey did not allege that he fully exhausted his claims. But he submitted documents to demonstrate that he did. At this stage of the litigation, the Court must accept his allegations as true, and Defendants' Motion will be denied on this basis.

      **B.**    **Claims against Norfleet**

In support of dismissal, Defendants argue that Falcey fails to state an Eighth Amendment

claim against Norfleet because he does not properly allege that Norfleet was personally involved in the denial of medical care. In particular, Defendants argue that Falcey does not allege with specificity how Norfleet was provided "notice" of Falcey's seizures and convulsions. (ECF No. 19-1 at 11.) Falcey responds that he pled with sufficient specificity that Norfleet and the John and Jane Defendants were "continuously called" by Corrections Officers Hardiman and Bombay over the course of several hours on June 26, 2022, but that they ignored the calls. (ECF No. 1-2.)

To state a claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837. Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).

Falcey alleges that over the course of twelve hours while he suffered seizures and convulsions, corrections officers repeatedly called for assistance to the medical department, where Norfleet, who served as the Health Service Administrator, was on duty at the time. Falcey further alleges that Norfleet was specifically "given notice" by correctional officers on the scene that Falcey was suffering from seizures and convulsions but disregarded the telephone calls.

(Am. Compl. at 7.)  Falcey has raised a plausible inference that Norfleet knew of but disregarded an excessive risk to Falcey's health and safety.  Defendants' Motion to Dismiss Falcey's claims against Norfleet will therefore be denied.

### C. Claims against PrimeCare

Defendants also argue that Falcey failed to state a plausible claim against PrimeCare because he does not allege that any policies concerning the provision of medical care were constitutionally deficient.  (ECF No. 19 at 13.)  Falcey responds by stating that Defendants, including PrimeCare, violated sections of the Bucks County Correctional Facility inmate handbook requiring that inmates receive "basic medical care" and be "treated as a human being." (ECF No. 31 at 2, 7-8.)  Falcey attaches excerpts from the inmate handbook to his Response. (*Id*. at 7-8.)

To plead a § 1983 claim against a prison medical provider like PrimeCare, a plaintiff must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]."  *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (citing *Bd. of the Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (*per curiam*) (stating that "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability'"); *see also Lomax v. City of Philadelphia*, No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs." (citations and quotations omitted)).  "To satisfy the pleading standard, [the plaintiff] must . . .

7

specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). It is not enough, however, to allege the existence of a policy or a custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).

Falcey has not stated a plausible claim against PrimeCare. Falcey cites excerpts from the inmate handbook as evidence of "policies" to support his claim against PrimeCare. However, these prison policies—to provide inmates basic medical care and treat them as human beings—did not, on their face, *cause* Falcey's constitutional injuries. Moreover, even assuming Defendants violated the policies referenced by Falcey, violations of internal prison policies do not, by themselves, rise to the level of constitutional violations. *See Washington v. Gilmore*, No. 22-2309, 2023 WL 4363113, at *2 (3d Cir. July 6, 2023) (*per curiam*) (stating that "violation of prison policy is not, in itself, a constitutional violation"); *Bullard v. Seism*, 449 F. App'x 232, 235 (3d Cir. 2011) (*per curiam*) (explaining that, even if prison officials violated a regulation, such a violation "is not actionable"); *Laufgas v. Speziale*, No. 04-1697, 2006 WL 2528009, at *9 (D.N.J. Aug. 31, 2006) ("[A] prison's departure from the policies and procedures outlined in the facility's handbook does not, in and of itself, amount to a constitutional violation actionable under § 1983."). Accordingly, the Court will grant Defendants' Motion to dismiss as it relates to claims asserted against PrimeCare.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Defendants PrimeCare and Christopher Norfleet's Motion to Dismiss. It will be granted as to claims asserted against PrimeCare but denied with respect to claims asserted against Norfleet and to the

exhaustion defense. Because Falcey has already been provided an opportunity to cure the defects in his claim against PrimeCare and has been unable to do so, the Court concludes that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story"). An appropriate Order follows.

                           **BY THE COURT:**

                           */s/ Jeffery L. Schmehl*
                           **JEFFREY L. SCHMEHL, J.**